LAWRENCE W. FREIMAN, ESQ.
Nevada Bar No. 10588
lawrence@freimanlegal.com
Freiman Legal
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
T: (310) 917-1004; F: (310) 300-2603
*Counsel for Plaintiff Andrea Brancato*

LEAH MARTIN, ESQ.
Nevada Bar No. 7982
LEAH MARTIN LAW
601 S. Rancho Dr., Ste. C-26
Las Vegas, Nevada 89106
Telephone: (702) 420-2733
lmartin@leahmartinglv.com
*Plaintiff's Designated Counsel for Service in Nevada Only*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREA BRANCATO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CENTENE MANAGEMENT COMPANY LLC; CENTENE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andrea Brancato alleges as follows:

## I. INTRODUCTION

1. Centene laid off Andrea Brancato, a Claims Supervisor who had just received a Successful Performance rating and a merit increase, weeks after she told her manager she would take about six weeks of leave in July 2026 to bond with the child she had adopted. Centene called it a reduction in force. It would not tell her whether anyone else was affected. Ms. Brancato brings this action under the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, and NRS 613.330.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's first and second claims arise under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (FMLA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 2000e-5(f)(3).

3. This Court has supplemental jurisdiction over Plaintiff's third claim, under NRS 613.330, under 28 U.S.C. § 1367(a), because it arises from the same facts as the federal claims and forms part of the same case or controversy.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3). Plaintiff worked for Defendants from her home in Las Vegas, Nevada, Defendants ended her employment there, and she would have continued to work in Nevada but for that decision.

## III. PARTIES

5. Plaintiff Andrea Brancato is a woman who resides in Las Vegas, Nevada. From May 22, 2023 until Defendants ended her employment, she worked as a Supervisor, Claims, from her home in Nevada.

6. Defendant Centene Management Company LLC (CMC) is a limited liability company with its principal office at 7700 Forsyth Boulevard, St. Louis, Missouri.

CMC hired Plaintiff, paid her wages, issued her IRS Form W-2, and is identified as her employer in its own employment records.

7. Defendant Centene Corporation is a corporation. CMC's offer letter to Plaintiff described CMC as a subsidiary of Centene Corporation.

8. CMC and Centene Corporation operated as a single, integrated employer of Plaintiff. Among other things: (a) CMC's offer letter stated that Plaintiff would be aligned to support Corporate and conditioned her employment on compliance with Centene's Business Ethics and Conduct Policy and all Centene policies; (b) Plaintiff completed enterprise training, including QI: Quality at Centene and Centene SECURE; (c) the separation agreement Defendants presented to Plaintiff in June 2026 directed her to return it to Centene Corporation Human Resources Operations at 7700 Forsyth Boulevard, St. Louis, Missouri, and required her to release Centene Corporation; and (d) on information and belief, Centene Corporation shares management with CMC, controls the human resources, payroll, benefits, and labor relations functions that applied to Plaintiff, and controlled or approved the reduction in force that Defendants used to end her employment.

9. Plaintiff does not know the true names of the defendants sued as Does 1 through 10 and sues them by those fictitious names. On information and belief, each Doe defendant is an entity that employed Plaintiff jointly with CMC and Centene Corporation or that acted directly or indirectly in their interest toward Plaintiff. Plaintiff will amend this Complaint to state their true names when she learns them.

10. CMC, Centene Corporation, and Does 1 through 10 are referred to together as Centene or Defendants. At all relevant times, Defendants acted through their managers and human resources personnel, including Senior Manager Lilit Avagyants and Senior People Business Partner Amrita Mistry, each acting within the course and scope of employment.

11. Each Defendant is an employer under 29 U.S.C. § 2611(4), 42 U.S.C. § 2000e(b), and NRS 613.330. On information and belief, Defendants have employed

far more than 500 employees in each of 20 or more calendar weeks in 2025 and 2026. Plaintiff was an employee under each of those statutes.

## IV. FACTS

### A. Plaintiff's Employment and Performance

12. By letter dated April 27, 2023, CMC offered Plaintiff the position of Supervisor, Claims, at an annual base salary of $67,000, with eligibility for an annual bonus at a target of 8 percent of eligible earnings. Plaintiff began work on May 22, 2023.

13. Plaintiff worked full time, with scheduled weekly hours of 40, remotely from her home in Nevada. Defendants' records list her work location as Remote-NV.

14. Defendants rated Plaintiff Meets Expectations in her 2023 and 2024 performance reviews.

15. In her 2025 Annual Review, her manager, Lilit Avagyants, rated Plaintiff's overall performance Successful Performance. Plaintiff acknowledged that review on February 26, 2026.

16. Defendants paid Plaintiff her 2025 annual bonus on March 13, 2026, and gave her a 3 percent merit increase, effective March 22, 2026, raising her annual base salary to $73,054.03.

17. Plaintiff was never written up, disciplined, or placed on a performance improvement plan.

18. Between February and March 2026, Plaintiff was told that her job was safe and that there were no concerns about a layoff because her department was growing and taking on additional initiatives.

### B. Plaintiff Gives Notice of Leave to Bond With Her Adopted Child

19. In or about March 2026, Plaintiff adopted her second child

20. In April 2026, Plaintiff told her manager, Ms. Avagyants, that she planned to take about six weeks of family bonding leave in July 2026 to care for her newly adopted child.

21. Plaintiff gave this notice more than 30 days before the leave was to begin.

22. Plaintiff's planned leave was leave to which she was entitled under 29 U.S.C. § 2612(a)(1)(B), because of the placement of a son or daughter with her for adoption.

**C. Defendants End Plaintiff's Employment**

23. On May 7, 2026, Ms. Avagyants and Ms. Mistry met with Plaintiff. Ms. Avagyants told Plaintiff that, due to a reduction, she was being laid off effective immediately and would need to log off her computer after the call.

24. Plaintiff asked whether the layoff was a wide impact or just her. Ms. Avagyants and Ms. Mistry would not say. Ms. Mistry told Plaintiff that they would be ending the call.

25. Defendants cut off Plaintiff's access to her work email. She did not work for Defendants again.

26. Defendants paid Plaintiff 160 hours of notice pay and recorded her termination effective June 5, 2026, with the reason Terminate Employee, Involuntary, Business Unit Closure/Layoff.

27. Defendants decided to end Plaintiff's employment weeks after she gave notice of her leave, 46 days after her merit increase took effect, and 70 days after she acknowledged her Successful Performance review.

28. When Plaintiff later asked when she had been selected for the layoff, Defendants' human resources director told her only that she had been selected in their most recent assessment, without saying when that assessment took place.

29. Defendants' stated reason, a reduction in force, was a pretext. On information and belief, Defendants selected Plaintiff because she had given notice of FMLA-protected leave and because of sex-based assumptions that a mother caring for a newly adopted child would be less available and less committed to her job.

31. In June 2026, Defendants presented Plaintiff with a separation agreement that offered eight weeks of base pay in exchange for a general release of claims. Plaintiff did not sign it, and Defendants paid her no severance.

### D. Plaintiff's Damages

32. As a direct result of Defendants' conduct, Plaintiff has lost her salary of $73,054.03 per year, her annual bonus eligibility, employer 401(k) matching contributions, health, dental, and vision coverage, participation in Defendants' employee stock purchase plan, and other employment benefits.

33. Plaintiff has looked for work since her termination.

34. As a further result of Defendants' conduct, Plaintiff has suffered emotional distress, including increased depression, loss of sleep, and loss of appetite, made worse because she is the sole breadwinner for her family, which includes her newly adopted child.

## V. ADMINISTRATIVE EXHAUSTION

35. On July 6, 2026, Plaintiff, through counsel, filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) against CMC, Charge No. 487-2026-02942. The charge alleged that Plaintiff was discriminated against based on her gender and her request to take parental leave, and that after her request she was retaliated against and terminated. Plaintiff signed the charge under penalty of perjury on July 9, 2026. The charge stated, “I want this charge filed with both the EEOC and the State or local Agency, if any.”

36. Plaintiff filed the charge 60 days after the May 7, 2026 decision to end her employment.

37. On July 16, 2026, the EEOC issued Plaintiff a Notice of Right to Sue on the charge. The EEOC emailed the notice to Plaintiff and her counsel that day, and her counsel received it that day. Plaintiff filed this action within 90 days after receiving that notice.

38. This action is timely under NRS 613.430(1)(b)(2) because Plaintiff brought it within 90 days after receiving the EEOC's right-to-sue notice issued under 42 U.S.C. § 2000e-5(f)(1).

39. The charge listed CMC's service address as 7700 Forsyth Boulevard, 63105, and the EEOC copied its Notice of Right to Sue to CMC's HR Manager at that address. That is the same address at which Centene Corporation Human Resources Operations receives signed employee separation agreements. On information and belief, Centene Corporation had actual notice of the charge, shares an identity of interest with CMC, and had the opportunity to participate in the EEOC process.

40. Plaintiff has satisfied all administrative prerequisites to this action. The FMLA requires none.

**FIRST CLAIM FOR RELIEF**
**Interference With FMLA Rights**
**29 U.S.C. §§ 2615(a)(1), 2617**
**(Against All Defendants)**

41. Plaintiff incorporates each preceding paragraph.

42. Plaintiff was an eligible employee under 29 U.S.C. § 2611(2). When her leave was to begin, she had been employed by Defendants for more than 12 months and had worked at least 1,250 hours during the previous 12 months.

43. On information and belief, Defendants employed 50 or more employees within 75 miles of Plaintiff's worksite, which under 29 C.F.R. § 825.111(a)(2) is the office to which she reported and from which her assignments were made.

44. Defendants are each an employer under 29 U.S.C. § 2611(4) and, on information and belief, constitute an integrated employer under 29 C.F.R. § 825.104(c)(2).

45. Plaintiff was entitled to FMLA leave to bond with her adopted child and gave Defendants notice of her intent to take it.

46. Defendants interfered with, restrained, and denied Plaintiff's exercise of and attempt to exercise her FMLA rights, in violation of 29 U.S.C. § 2615(a)(1), by ending her employment before her leave began and by preventing her from taking the leave and returning to her position. Plaintiff's notice of FMLA-protected leave was a negative factor in Defendants' decision.

47. As a result, Plaintiff has lost wages, salary, employment benefits, and other compensation, and is entitled to recover them with interest under 29 U.S.C. § 2617(a)(1)(A)(i) and (ii).

48. Defendants did not act in good faith or with reasonable grounds for believing that their conduct complied with the FMLA. Plaintiff is entitled to liquidated damages in an amount equal to her lost compensation and interest under 29 U.S.C. § 2617(a)(1)(A)(iii).

49. On information and belief, Defendants knew or showed reckless disregard for whether their conduct violated the FMLA, making the violation willful under 29 U.S.C. § 2617(c)(2).

50. Plaintiff is entitled to equitable relief, including reinstatement or front pay in lieu of reinstatement, under 29 U.S.C. § 2617(a)(1)(B), and to reasonable attorney's fees, expert witness fees, and costs under 29 U.S.C. § 2617(a)(3).

**SECOND CLAIM FOR RELIEF**

**Sex Discrimination**

**42 U.S.C. § 2000e-2(a)(1)**

**(Against All Defendants)**

51. Plaintiff incorporates each preceding paragraph.

52. Plaintiff is a woman. She was qualified for and performing her job satisfactorily, as Defendants' own reviews, bonus, and merit increase show.

53. Defendants discharged Plaintiff because of her sex, including because of sex-based stereotypes about mothers as caregivers, in violation of 42 U.S.C. § 2000e-2(a)(1).

54. As a result, Plaintiff has suffered lost wages and benefits, emotional distress, and other harm, in an amount to be proven at trial.

55. Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to compensatory and punitive damages under 42 U.S.C. § 1981a(a)(1) and (b), in addition to back pay, front pay or reinstatement, and other relief under 42 U.S.C. § 2000e-5(g), and to reasonable attorney's fees and costs under 42 U.S.C. § 2000e-5(k).

**THIRD CLAIM FOR RELIEF**

**Sex Discrimination**

**NRS 613.330(1)(a)**

**(Against All Defendants)**

56. Plaintiff incorporates each preceding paragraph.

57. Defendants discharged Plaintiff because of her sex, in violation of NRS 613.330(1)(a).

58. As a result, Plaintiff has suffered lost wages and benefits, emotional distress, and other harm, in an amount to be proven at trial.

59. Under NRS 613.432, Plaintiff is entitled to the same legal and equitable relief available under Title VII, including back pay, front pay or reinstatement, compensatory and punitive damages, and reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment in her favor and against Defendants, jointly and severally, for:

1. Lost wages, salary, employment benefits, and other compensation, past and future, with prejudgment interest;

2. Liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

3. Reinstatement, or front pay in lieu of reinstatement;

4. Compensatory damages, including for emotional distress, under the second and third claims;

5. Punitive damages under the second and third claims;

6. Reasonable attorney's fees, expert witness fees, and costs under 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 2000e-5(k), and NRS 613.432;

7. Pre-judgment and post-judgment interest as allowed by law; and

8. Such other relief as the Court finds just.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38 and 42 U.S.C. § 1981a(c), Plaintiff demands a trial by jury on all issues so triable.

Dated:

FREIMAN LEGAL

By: */s/ Lawrence W. Freiman*
Lawrence W. Freiman, Esq. (Nevada Bar No. 10588)
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
T: (310) 917-1004; F: (310) 300-2603
lawrence@freimanlegal.com
Counsel for Plaintiff Andrea Brancato